[Civ. No. 23734.   Second Dist., Div. One.   Nov. 23, 1959.]

H. J. WILSON, Appellant, v. CHARLES HENRY BE-VILLE et al., Defendants; CITY OF LOS ANGELES, Respondent.

John B. Anson and John J. Guerin for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Ralph J. Eubank, Assistant City Attorneys, and Weldon L. Weber, Deputy City Attorney, for Respondent.

WOOD, P. J.—This is an action to quiet title to real property and for ejectment.

There was a prior appeal in this action. (*Wilson* v. *Beville,* 47 Cal.2d 852 [306 P.2d 789].)   The present appeal is by plaintiff from the judgment (on the second trial) that plaintiff recover $207.57 and interest thereon.

Plaintiff's title to the property is based on a city treasurer's deed issued to his predecessor in interest pursuant to a foreclosure sale under a street improvement bond issued under the Improvement Act of 1911 (now Sts. & Hy. Code, §§ 5000-

6794). The assessment resulting in the bond was in the amount of $207.57 and was recorded on November 23, 1927. On November 25, 1927, the city of Los Angeles commenced a condemnation action by which it sought an easement for street purposes across part of the property. The owner of the assessment lien was not joined as a defendant in that action. On December 28, 1927, a bond representing the assessment was issued to the Municipal Bond Company. The holder of the bond was not made a defendant in the condemnation action. On July 23, 1931, final judgment of condemnation was entered in that action, and the record owner of the portion of the property condemned was awarded and paid $5,376.20. On January 22, 1932, the city took possession of the portion of the property condemned and has devoted it to public use as a city street since said date. Taxes have not been levied on that portion of the property since 1927.

On October 19, 1938, a treasurer's certificate of sale based on foreclosure of the bond was issued to Al Schuh. On March 8, 1950, Schuh assigned the certificate to Betty Wilson, and on August 23, 1950, a treasurer's deed was issued to her. On April 12, 1951, she executed a deed whereby she quitclaimed her interest in the property to plaintiff, and he commenced this action on the following day.

On the first trial, the judgment was that plaintiff was the owner of the property subject to an easement for a street, and that plaintiff take nothing by the action. On appeal by plaintiff from that judgment, the portion of the judgment that plaintiff was the owner of the property subject to the easement was affirmed, and the portion that plaintiff take nothing was reversed. (*Wilson* v. *Beville*, 47 Cal.2d 852 [306 P.2d 789].)

Prior to the second trial, a pretrial conference order was made which stated that the only issue to be tried was the amount of compensation payable to plaintiff. Thereafter and prior to the second trial, the parties made a written stipulation that the trial be limited to the proper construction of the decision on the prior appeal; and in the event a determination is made that (1) the plaintiff's damages are not a matter of arithmetical calculation, and (2) it is necessary to present evidence of the value of the property at a particular date, the trial shall be continued for at least a month and the issue as to the value of the property may be tried by a jury. After that stipulation was made, and prior to the trial date, the court made an order that "in the event of a determination of

the legal issues which results in a conclusion that plaintiff's damages are not calculable by arithmetical determination, that the trial on the factual issues to determine the amount of damage to plaintiff shall be set for a jury trial. . . .''

The court found that, ''construing the Opinion and Judgment'' on the prior appeal, the ''damages to be awarded plaintiff for the taking of a part of his interest in the property taken by defendant for public use as a street is a matter of arithmetical calculation, and by reason thereof'' plaintiff should ''have judgment in the amount of $207.57, the original assessment levied . . . with interest thereon at the rate of 7 per cent per annum from April 13, 1951.'' As conclusions of law, the trial court stated that the opinion on the prior appeal is construed, as follows: The damage payable to plaintiff is arithmetically calculable from the proper construction of the decision on the prior appeal. The date of taking plaintiff's interest in the property was January 22, 1932. The condemnation action, ''setting forth the amount of damage to the property taken as $5,376.20,'' is not res judicata on the issue of plaintiff's damage herein.

The judgment was that plaintiff recover from defendant city the sum of $207.57 with interest thereon from April 13, 1951.

Appellant (plaintiff) contends that, under a proper construction of the decision on the prior appeal, the amount of his damage is not a matter of arithmetical calculation; but, on the contrary, he is entitled to have the amount of his damage determined by a jury. He asserts further that if, under a proper construction of that decision, the amount of his damage is a matter of arithmetical calculation, that amount is $5,376.20, which is the amount determined in the condemnation action to be the value of the property taken and damages to the remainder.

Respondent contends that the damages payable to appellant are calculable from the decision on the prior appeal, and that the trial court made a proper calculation.

As above stated, the judgment of the trial court on the first trial was that plaintiff was the owner of the property subject to an easement for a street, and that plaintiff take nothing by the action. On appeal by plaintiff from that judgment, the portion of the judgment that plaintiff was the owner of the property subject to the easement was affirmed; but the portion of the judgment that plaintiff take nothing was reversed. The only issue at the second trial was the amount of compensation payable to plaintiff. As above shown,

the parties stipulated that the second trial should be limited to the proper construction of the decision on the prior appeal, and to a determination as to whether the amount of plaintiff's damages was a matter of arithmetical calculation. The trial court determined that the amount of plaintiff's damage was a matter of arithmetical calculation, and that the amount was $207.57, which was the amount of the original assessment, and that plaintiff was entitled to interest thereon from April 13, 1951, which was the date the action was commenced.

The court, on the prior appeal, said that the failure to join the lienholder in the 1927 condemnation proceeding left his lien unimpaired and, under the doctrine of inverse condemnation, plaintiff is entitled to compensation for the taking of his interest in the property. In the opinion on that appeal, condemnation cases were cited in which the holders of assessment or tax liens were not made defendants. In one of those cases, *Municipal Securities Corp.* v. *Kansas City*, 195 Mo.App. 464 [193 S.W. 880], it was said that "the city . . . is liable to the lienor in damages measured by the loss of the money which should have been applied in discharge of the lien." In another of those cases, *Thibodo* v. *United States*, 187 F.2d 249, it was said: "When appellant has taken proper steps as just suggested [to amend his complaint to show that he has exhausted the state remedy or that state relief is not available, or that pursuit of state relief would be fruitless] he may then state his claim for relief based upon a deprivation of constitutional rights, by virtue of the 'taking' of his right to have his bonds discharged through foreclosure of the lien upon the land."

In the present case the notice of assessment was recorded two days before the condemnation action was commenced, and the city failed to name the lienholder a defendant in the action. If the lienholder had been so named, he would have been entitled to the amount of the lien, $207.57, and interest. When the city acquired the easement on part of the land in 1931, the lienholder's security for payment of the lien was diminished to the extent that the easement decreased the value of the land which originally was security for payment of the lien. After 1927, taxes were not levied on the property which had been taken for the easement. When the lien was foreclosed it was a matter of public record that the easement was upon the property. About 20 years after the condemnation judgment in 1931, and about 13 years after the lien had been foreclosed, this present action was commenced wherein

plaintiff sought an amount that was at least equal to the amount ($5,376.20) which had been paid to the owner of the property in 1932 after the property was condemned. As above stated, on the prior appeal it was held that the assessment lien was not impaired by the condemnation action. The trial court did not err in determining that the compensation due to plaintiff was the amount of the lien, $207.57, and interest thereon from April 13, 1951, when this action was commenced.

In view of the above conclusion, it is not necessary to determine other contentions on appeal.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied December 17, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 20, 1960.